# JUDGE SWAIN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT NEW YORK

THE CITY OF NEW YORK,

Plaintiff,

v.

GREAT NORTHERN INSURANCE COMPANY and
WESTCHESTER FIRE INSURANCE COMPANY,

Defendants.

**11 CIV 5949**



### NOTICE OF REMOVAL

Defendant Great Northern Insurance Company ("Great Northern"), by and through its attorneys, Tressler LLP, hereby files this Notice of Removal for the removal of this case from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441, *et seq*. In support thereof, Defendant states as follows:

1.      Great Northern is a defendant in an action filed on July 15, 2011, in the Supreme Court of the State of New York, New York County, Index No. 401920/11, styled *The City of New York v. Great Northern Insurance Company and Westchester Fire Insurance Company* (the "State Court Action"). A copy of the Summons and Complaint is attached as Exhibit A, which constitutes the state court pleadings, process and orders received thus far.

2.      The Complaint was received by Great Northern's registered agent on August 4, 2011. Thus, this notice of removal is timely filed pursuant to 28 U.S.C.

§1446(b), having been filed within 30 days after receipt by Defendant of the summons and initial pleading setting forth Plaintiff's claim(s) for relief.

3. Substituted service was made on Defendant, Westchester Fire Insurance Company, by delivering a copy of the Summons and Complaint to the New York Department of Insurance on July 25, 2011. Upon information and belief, Westchester Fire Insurance Company or an agent thereof subsequently received a copy of the Summons and Complaint.

4. The above titled action is a civil action of which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332(a) (Diversity of Citizenship), and may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441 as the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. As alleged in Paragraph 2 of the Verified Complaint, Exhibit A hereto, Plaintiff, City of New York, is a municipal corporation organized pursuant to the laws of the State of New York, and thus it is a citizen of New York.

6. Defendant Great Northern, is incorporated in and is a citizen of Indiana and maintains its principal place of business in and is a citizen of Warren, New Jersey.

7. Upon information and belief, and as alleged in Paragraph 4 of Exhibit A, Defendant Westchester Fire Insurance Company, maintains its principal place of business in Philadelphia, Pennsylvania, and is incorporated in and is a citizen of Pennsylvania. Westchester Fire Insurance Company is not a citizen of New York.

8. Thus, Plaintiff and Defendants are citizens of different states.

2

9.     The Verified Complaint filed in the State Court Action involves an insurance coverage dispute in which Plaintiff seeks recovery in excess of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff asserts that it is entitled to coverage under a primary policy of insurance issued by Defendant Great Northern with a per occurrence limit of liability of $1 million and under an excess umbrella insurance policy issued by Defendant Westchester Fire Insurance Company with a limit of liability of $10 million, for defense and indemnity in connection with a personal injury action filed against it and other defendants in 1997 in the Supreme Court of New York, Bronx County, entitled *Scharold Peterson, Individually and as Guardian of Sarese Locus, an infant under the age of four (4) years v. The City of New York, Richard Allen Center on Life, Inc., Pius XII Youth and Family Services, Inc., and Loretta Thomsen* (the "*Locus* Action"). *See* Exhibit A, Complaint, ¶¶ 17-22, 23-30, 63, 68, 74, 86. According to the allegations of the Verified Complaint, Defendants herein settled the claims asserted against one of Plaintiff's co-defendants in the *Locus* Action at mediation for $3.75 million. *See* Exhibit A, Complaint, ¶ 50.

10.    Defendant Westchester Fire Insurance Company, consents in writing to this notice of removal. See Exhibit B.

11.    Pursuant to 28 U.S.C. §1446(d), the Defendant will give written notice of this action to all parties by filing a copy of this notice of removal with the Clerk of the New York County Supreme Court of the State of New York, in the form attached hereto as Exhibit C.

12.    Defendant reserves the right to amend or supplement this Notice of Removal.

13.     Defendant reserves the right to request a jury trial on all issues.

14.     Defendant reserves all claims and defenses, including, without limitation,

those set forth in Fed. R. Civ. P. 12(b).

Dated:  New York, New York
        August 24, 2011

                                    Respectfully submitted,

                                    TRESSLER LLP


                                    By:     _____
                                            Courtney E. Scott (CS9744)

                                    One Penn Plaza – Suite 4701
                                    New York, NY  10119
                                    (646) 833-0900
                                    (646) 833-0877 (fax)
                                    cscott@tresslerllp.com

                                    Kathy Karaboyas Malamis –
                                            *Pro Hac Vice* (To be filed)
                                    Tressler LLP
                                    233 South Wacker Drive – 22nd Floor
                                    Chicago, IL  60606
                                    (312) 627-4000
                                    (312) 627-1717 (fax)
                                    kmalamis@tresslerllp.com

                                    *Attorneys for Defendant Great Northern Insurance
                                    Company*

520766

4

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/04/2011
CT Log Number 518943822

**TO:**    Edward Kinzer, Casualty Claim Discipline Manager
Federal Insurance Company
333 Earle Ovington Boulevard, Suite 800
Uniondale, NY 11553-3644

**RE:**    **Process Served in New York**

**FOR:**   Great Northern Insurance Company (Domestic State: IN)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | The City of New York, Pltf. vs. Great Northern Insurance Company and Westchester Fire Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter(s), Summons(es), Verified Complaint(s), Verification(s) |
| **COURT/AGENCY:** | New York County: Supreme Court, NY
Case # 40192011 |
| **NATURE OF ACTION:** | Insurance Litigation - Policy benefits claimed for the obligation of Great Northern Policy to defend and indemnify the city in the Locus action |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 08/04/2011 postmarked on 08/01/2011 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after the service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Cardozo
Corporation Counsel of the City of New York
100 Church Street
20th Floor
New York, NY 10007
212-442-0588 |
| **ACTION ITEMS:** | Telephone, Edward Kinzer , 516-745-8423
Left voicemail message on 08/05/2011 at 1.43 p.m.
SOP Papers with Transmittal, via Fed Ex Standard Overnight , 795051285141
Image SOP
Email Notification, Edward Kinzer ekinzer@chubb.com
Email Notification, Jennifer Dellibovi jdellibovi@chubb.com |
| **SIGNED:**
**PER:**
**ADDRESS:**

**TELEPHONE:** | C T Corporation System
Christopher Tilton
111 Eighth Avenue
New York, NY 10011
212-5909070 |

Information displayed on this transmittal is for C T Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**INSURANCE DEPARTMENT
STATE OF NEW YORK
One Commerce Plaza
Albany, NY 12257**

STATE OF NEW YORK

Supreme Court, County of NEW YORK

The City of New York

Plaintiff(s)                    401920/11

against

Great Northern Insurance Company

Defendant(s)

RE : Great Northern Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint in the above entitled action on July 25, 2011 at New York, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Michael A. Cardozo
Sabita Krishnan
100 Church Street, 20th Floor
New York, New York 10007

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

CT Corporation
Great Northern Insurance Company
111 Eighth Avenue 13th Floor
New York, New York 10011

*Clark J. Williams*

**Clark J. Williams
Special Deputy Superintendent**

Dated Albany, New York, July 29, 2011
494613

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

THE CITY OF NEW YORK,

|                                                    | Plaintiff, | **SUMMONS** |
|----------------------------------------------------|------------|-------------|

-against-

Index No. 4 ⋅ 7 9 2 0 11

*7. 25-2011*
*DL* GREAT NORTHERN INSURANCE COMPANY and
WESTCHESTER FIRE INSURANCE COMPANY,

Filed: July 15, 2011

Defendants.

-------------------------------------------------------------------x

## TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED and required to serve upon plaintiffs' attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff's designate New York County as the place of trial in accordance with CPLR § 503(a).

Dated:     New York, New York
           July 15, 2011

                          **MICHAEL A. CARDOZO**
                          Corporation Counsel of the City of New York
                          Attorney for Plaintiffs
                          100 Church Street, 20th Floor
                          New York, NY 10007
                          (212) 442-0588

                          By.    *Sabita Krishnan*
                                 Sabita Krishnan
                                 Assistant Corporation Counsel

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .X

THE CITY OF NEW YORK,

                                                    Plaintiff,

                                                                        **VERIFIED COMPLAINT**

-against-

                                                                        Index No. 401920/11

GREAT NORTHERN INSURANCE COMPANY and
WESTCHESTER FIRE INSURANCE COMPANY,                                     Filed: July 15, 2011

                                                    Defendants.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .X

        Plaintiff, the City of New York (the "City"), by its attorney, Michael A. Cardozo,
Corporation Counsel of the City of New York, allege upon personal knowledge as to itself and
upon information and belief as to all other matters:

## INTRODUCTION

        1.    This is an action for a declaration that defendants Great Northern
Insurance Company ("Great Northern") and Westchester Fire Insurance Company
("Westchester") have a duty to defend the City in an action entitled *Scharold Peterson,
individually and as Guardian of Sarese Locus, an infant under the age of four (4) years v. The
City of New York, Richard Allen Center on Life, Inc., Pius XII Youth and Family Services, Inc
and Loretta Thompson*, Index No 20442/97, Supreme Court, Bronx County (the "*Locus*
Action") and for indemnification for any cost to the City of paying any judgment rendered
against it in the *Locus* Action or settlement entered into by the City in the *Locus* Action.

## PARTIES

        2.    The City is a municipal corporation organized pursuant to the laws of the
State of New York

3.       Defendant Great Northern is an insurance company licensed to transact and transacting insurance business in New York, with a principal place of business at 15 Mountain View Road, Warren, New Jersey, 07061-1615

4.       Defendant Westchester is an insurance company licensed to transact and transacting insurance business in New York, with principal place of business at 435 Walnut Street, Philadelphia, PA 19106.

## FACTS

### A. The City's Foster Care Contracts with Richard Allen Center on Life, Inc. and Pius XII Youth and Family Services

5.       Richard Allen Center on Life, Inc. ("Richard Allen") entered into a contract with the City on July 5, 1991 to provide comprehensive child welfare services to children and families, including placement of children in foster homes (the "Richard Allen Contract").

6.       In July 1995, the City and Richard Allen renewed the Richard Allen Contract

7.       The Richard Allen Contract required Richard Allen and the City to hold each other harmless and indemnify each other from liability for claims of damages resulting from their own negligence.

8.       The Richard Allen Contract required Richard Allen to maintain insurance in the sum of not less than $1,000,000 per occurrence to protect the City against claims for injuries or death.

9.       Pursuant to its obligation under the Richard Allen Contract, Richard Allen purchased from Frontier Insurance Company a general liability policy (policy number MPS-

2

C002658-03) with a per occurrence limit of $1,000,000 and with an effective date of May 9, 1996 and an expiration date of May 9, 1997 (the "Frontier Policy").

     10.    Richard Allen is a named insured under the Frontier Policy.

     11    The City is an additional insured under the Frontier Policy.

     12.    Richard Allen did not maintain any excess or umbrella policy that was effective during the same period.

     13    Pius XII Youth and Family Services ("Pius") entered into a contract with the City on July 17, 1991 to provide comprehensive child welfare services to children and families, including placement of children in foster homes (the "Pius Contract").

     14.    In July 1995, the City and Pius renewed the Pius Contract.

     15.    The Pius Contract required Pius and the City to hold each other harmless and indemnify each other from liability for claims of damages resulting from their own negligence.

     16.    The Pius Contract required Pius to maintain insurance in the sum of not less than $1,000,000 per occurrence to protect the City against claims for injuries or death.

     17.    At all times relevant to the *Locus* Action, Pius was covered under a general liability policy issued by Great Northern with a per occurrence limit of $1,000,000 (the "Great Northern Policy").

     18.    Pius is a named insured under the Great Northern Policy.

     19    The City is an additional insured under the Great Northern Policy.

     20.    At all times relevant to the *Locus* Action, Pius was also covered under a commercial umbrella policy issued by Westchester to the Roman Catholic Archdiocese of New

3

York (the "Westchester Umbrella Policy") in excess of the Great Northern Policy with a limit of $10,000,000.

21   Pius is a named insured under the Westchester Umbrella Policy.

22   The City is an additional insured under the Westchester Umbrella Policy.

**B. The Locus Action**

23.   On or about July 1, 1997, plaintiffs in the *Locus* Action commenced the *Locus* Action by the filing of a Summons and Complaint (the "*Locus* Complaint")

24.   Sarese Locus ("Sarese") was born on October 8, 1995 and came into the City's custody in June 1996. Pursuant to the Richard Allen Contract, the City assigned the provision of child welfare services for Sarese to Richard Allen.

25   Richard Allen placed Sarese with foster mother Loretta Thompson.

26.   In August 1996, pursuant to the Pius Contract, the City replaced Richard Allen with Pius as the agency responsible for the provision of child welfare services to Sarese.

27.   Thompson remained Sarese's foster mother.

28.   Sarese suffered a head injury on or about October 30, 1996, while in Thompson's care under Pius's supervision.

29.   The *Locus* Complaint alleges Sarese was injured as a result of the negligence of Richard Allen, Pius, and the City.

30.   Because the *Locus* Complaint alleges the negligence of Pius and the City, the claims against the City are within the coverage of the Great Northern Policy and the Westchester Umbrella Policy.

**C. The City's Tenders to Frontier, Great Northern, and Westchester**

4

31.    The City timely tendered the defense of the *Locus* Action to Frontier, Great Northern, and Westchester, but received no response.

32.    Richard Allen timely tendered the *Locus* Action to Frontier.

33.    Frontier is currently providing Richard Allen a defense in the *Locus* Action.

34.    Pius timely tendered the *Locus* Action to Great Northern and Westchester.

35.    Great Northern and Westchester are currently providing Pius a defense in the *Locus* Action.

36.    On or about January 4, 1999, counsel for the City in the *Locus* Action sent counsel for Richard Allen and counsel for Pius a letter inquiring about the status of the City's tenders, indicating that those tenders had been outstanding for some time.

37.    The City received no response from Frontier, Great Northern, or Westchester.

38.    On April 8, 2011, the City sent counsel for Richard Allen and counsel for Pius letters repeating its demand for a defense and indicating that it would waive all defense costs to the present, if the tender was accepted at that time. The City requested that counsel forward the City's demand to the carriers.

39.    The City's April 8, 2011 letter mistakenly referred to AIG Insurance Company instead of Great Northern. Counsel for Pius informed the City that the City's letter had been forwarded to the Chubb Group, which would respond shortly.

40.    Great Northern is a subsidiary of the Chubb Group

41.    The City received no response to its April 8, 2011 letter from Great Northern or the Chubb Group.

5

42.    As of the date of this complaint, Great Northern has failed to assume the defense of the City in the *Locus* Action.

43.    In response to the City's April 8, 2011 letter, Frontier agreed to immediately assume the City's defense and to indemnify the City for any liability arising out of Richard Allen's operations.

44.    The City is currently being defended in the *Locus* Action by Frontier.

45.    The City defended itself through the Law Department until Frontier's assumption of the City's defense.

46.    On or about May 5, 2011, the City received a letter from counsel for Westchester disclaiming coverage of the City for the *Locus* Action. Westchester claimed that the City was not an additional insured under the Westchester Umbrella Policy, that it would not indemnify the City because Pius had denied that it was contractually obligated to indemnify the City and that the City had failed to provide timely notice of the *Locus* Action.

47.    In response, on or about May 28, 2011, the City requested that Westchester provide the City with a copy of the Westchester Umbrella Policy and that it confirm it had undertaken an investigation regarding the City's original tender and the follow-up to that tender in January 1999.

48.    Westchester has failed to respond to the City's requests.

49.    Westchester's May 5, 2011 disclaimer of coverage violates the Westchester Umbrella Policy and the law.

## D. Great Northern and Westchester's Settlement on Behalf of Pius

50    At a mediation in the *Locus* Action on or about June 2, 2011, Great Northern and Westchester agreed to settle plaintiff's claims against Pius for $3.75 million

Great Northern will contribute $1,000,000, the full amount of the Great Northern Policy, and Westchester contributed the remaining $2,750,000

51.     The settlement is pending court approval pursuant to CPLR 1207.

### FIRST CAUSE OF ACTION
### (Declaration of Duty to Defend and Indemnify Against Great Northern)

52.     The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

53.     Great Northern is obligated to defend and indemnify the City in the *Locus* Action.

54.     Great Northern failed to respond to the City's original, timely tender of the *Locus* Action.

55.     Great Northern failed to respond to the City's demand for a defense in the *Locus* Action on or about January 4, 1999.

56.     Great Northern failed to respond to the City's demand for defense in the *Locus* Action on or about April 8, 2011.

57.     Great Northern's failure to accept the defense of the City with respect to the *Locus* Action violates the Great Northern Policy and the law.

58.     There is therefore an actual controversy of a justiciable nature between the City and Great Northern as to whether Great Northern is obligated to defend and indemnify the City in the *Locus* Action under the terms of the Great Northern Policy. A judicial declaration that Great Northern is obligated to defend and indemnify the City is necessary and appropriate at this time because, as a result of Great Northern's failure to accept the City's tender of defense, the City has been forced to incur costs and expenses in providing its own defense and will be liable for any judgment against the City or settlement in the *Locus* Action.

7

### SECOND CAUSE OF ACTION
### (Recovery of Costs of Defense Against Great Northern)

59.     The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein

60.     Beginning with the City's original tender of the defense of the *Locus* Action, Great Northern has been obligated to defend the City.

61.     Despite the City's demand that Great Northern provide the City with a defense to the *Locus* Action, Great Northern has failed and refused to do so.

62.     When an insurance carrier has wrongfully refused to acknowledge its defense obligation, the Law Department charges the carrier $250 an hour for attorney time and $75 an hour for paralegal time.

63.     Great Northern is accordingly liable for the City's defense costs in the *Locus* Action, beginning with the date of the City's original tender through the date of Frontier's assumption of the City's defense, at the rate of $250 an hour for attorney time and $75 an hour for paralegal time, plus out-of-pocket costs and interest.

### THIRD CAUSE OF ACTION
### (Indemnification Against Great Northern)

64.     The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

65.     The City is an additional insured under the Great Northern Policy.

66.     Great Northern is obligated to indemnify the City in the *Locus* Action

67.     Great Northern has breached its obligation to indemnify the City by its failure to respond to the City's tenders with respect to the *Locus* Action

8

68.    Great Northern is accordingly liable for any judgment entered against the City or settlement entered into by the City in the *Locus* Action.

### FOURTH CAUSE OF ACTION
### (Breach of Duty of Good Faith Against Great Northern)

69.    The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

70.    Great Northern owed a duty of good faith to its insureds, Pius and the City, in defending and settling the claims asserted in the *Locus* Action.

71.    Great Northern settled the claims against Pius in the *Locus* Action for $1,000,000, the full limit of the Great Northern Policy.

72.    At the time that Great Northern settled the claims against Pius in the *Locus* Action, it had failed to respond to the City's outstanding tender.

73.    Great Northern breached its duty of good faith by settling the claims against Pius in the *Locus* Action for the full limit of the Great Northern Policy without consideration of the City's interests.

74.    Great Northern is accordingly liable for any judgment entered against the City or settlement entered into by the City in the *Locus* Action.

### FIFTH CAUSE OF ACTION
### (Declaration of Duty to Defend and Indemnify Against Westchester)

75.    The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

76.    Westchester is obligated to defend and indemnify the City in the *Locus* Action.

77.  Westchester failed to respond to the City's original, timely tender of the *Locus* Action.

78.  Westchester failed to respond to the City's demand for a defense in the *Locus* Action on or about January 4, 1999.

79.  Westchester's May 5, 2011 disclaimer of coverage violates the Westchester Umbrella Policy and the law.

80.  The settlement of the claims against Pius in the *Locus* Action will exhaust the Great Northern Policy and the City will be required to seek its defense and indemnity from Westchester.

81.  There is therefore an actual controversy of a justiciable nature between the City and Westchester as to whether Westchester is obligated to defend and indemnify the City in the *Locus* Action under the terms of the Westchester Umbrella Policy. A judicial declaration that Westchester is obligated to defend and indemnify the City is necessary and appropriate at this time because, as a result of Westchester's failure to accept the City's tender, the City may be liable for any judgment entered against the City or settlement entered into by the City in the *Locus* Action.

## SIXTH CAUSE OF ACTION
### (Indemnification Against Westchester)

82.  The City repeats and realleges paragraphs 1 through 51 as if fully set forth herein.

83.  The City is an additional insured under the Westchester Umbrella Policy.

84.  Westchester is obligated to indemnify the City for any damages in the *Locus* Action.

85.     Westchester's May 5, 2011 disclaimer of coverage is a breach of its obligation to indemnify the City.

86.     Westchester is accordingly liable for any judgment entered against the City or settlement entered into by the City in the *Locus* Action.

**WHEREFORE,** the City demands judgment:

    (a)    On the First Cause of Action, declaring that Great Northern is obligated under the Great Northern Policy to defend and indemnify the City in the *Locus* Action;

    (b)    On the Second Cause of Action, against Great Northern for fees and expenses relating to the City's defense of the *Locus* Action, at the rate of $250 an hour for attorney time and $75 an hour for paralegal time plus out-of-pocket expenses and interest, from the date of the City's original tender through the time when Frontier assumed the City's defense in the *Locus* Action,

    (c)    On the Third Cause of Action, against Great Northern, for any judgment entered against the City or settlement entered into by the City in the *Locus* Action;

    (d)    On the Fourth Cause of Action against Great Northern, for any judgment entered against the City or settlement entered into by the City in the *Locus* Action;

    e)    On the Fifth Cause of Action, declaring that Westchester is required under the Westchester Umbrella Policy to defend and indemnify the City in the *Locus* Action;

(f)     On the Sixth Cause of Action, against Westchester, for any judgment

entered against the City or settlement entered into by the City in the *Locus*

Action; and

(g)     For such other relief as this Court may deem just and proper.

Dated:     New York, New York
           July 15, 2011

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for Plaintiff the
City of New York and the New York City
Department of Education*
100 Church Street, Rm. 20-83
New York, New York 10007
(212) 442-0588

By:  ⟨signature⟩
     Sabita Krishnan
     Assistant Corporation Counsel

12

## **VERIFICATION**

STATE OF NEW YORK    )

                     : SS.:

COUNTY OF NEW YORK  )

         Sabita Krishnan, being duly sworn, says that she is an Assistant Corporation

Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York; that

the City of New York is the plaintiff in the within action; that the allegations in the Complaint as

to plaintiff are true to her knowledge; that the matters alleged therein upon information and

belief, she believes to be true; and that the basis of her knowledge is the books and records of the

plaintiff and/or statements made to her by officers or employees thereof. This verification is not

made by plaintiff because plaintiff is a municipal corporation

                                                SABITA KRISHNAN

Sworn to before me this
28th day of July, 2011

             NOTARY PUBLIC

RICHARD J. COSTA
Notary Public, State of New York
No. 02CO6032573
Qualified in Kings County
Commission Expires Nov. 1, 20 13

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| THE CITY OF NEW YORK, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. |
| v. | ) |
| | ) |
| GREAT NORTHERN INSURANCE COMPANY and | ) |
| WESTCHESTER FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## CONSENT TO REMOVAL

Defendant, Westchester Fire Insurance Company, through its undersigned attorney, hereby consents to the Notice of Removal filed by Defendant Great Northern Insurance Company ("Great Northern"), to remove the action entitled *The City of New York v. Great Northern Insurance Company, et al.*, Index No. 401920/11, from the Supreme Court of New York, New York County, to the United States District Court for the Southern District of New York as if it had itself executed and filed said Notice of Removal along with Defendant Great Northern.

Dated: August 22, 2011

WESTCHESTER FIRE INSURANCE COMPANY

By: _____

Aidan M. McCormack
*Counsel for Defendant Westchester Fire Insurance Company*
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4750

#521389

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THE CITY OF NEW YORK,

                Plaintiff,

        v.

GREAT NORTHERN INSURANCE COMPANY and
WESTCHESTER FIRE INSURANCE COMPANY,

                Defendants.

Index No. 401920/11

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on the 24th day of August 2011, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Great Northern Insurance Company filed a Notice of Removal in the United States District Court for the Southern District of New York with the written consent of Defendant Westchester Fire Insurance Company, a copy of which is attached hereto as Exhibit 1.

Dated:   New York, New York     TRESSLER LLP
        August 24, 2011


By:   _____
           Courtney E. Scott

One Penn Plaza – Suite 4701
New York, NY  10119
(646) 833-0900
(646) 833-0877 (fax)
cscott@tresslerllp.com

Kathy Karaboyas Malamis
Tressler LLP
233 South Wacker Drive – 22nd Floor
Chicago, IL  60606
(312) 627-4000
(312) 627-1717 (fax)
kmalamis@tresslerllp.com

*Attorneys for Defendant Great Northern Insurance Company*

520772